# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        v.                                                                              **Case No. 08-CR-190**

**CANDELIL RODRIGUEZ et. al.,**

        **Defendants.**

## ORDERS REGARDING THE DEFENDANTS' PRETRIAL MOTIONS

      This is a multi-defendant case designated as complex pursuant to this district's local rules. As such, after consultation with counsel regarding discovery, a motion schedule was established and findings under the Speedy Trial Act were made. A jury trial date has not yet been set. Currently pending before the court are the pre-trial motions of three defendants, Hipolito Alcala, ("Alcala") (Defendant No. 2), Felix Alvarez, ("Alvarez") (Defendant No. 3), and Belarminio Amparo-Baez, ("Amparo-Baez") (Defendant No. 4). These three defendants are all charged in a single count indictment with conspiracy to distribute five kilograms or more of cocaine and 50 grams or more of crack cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846. (Docket No. 20.)

**MOTIONS FOR DISCLOSURE OF CONFIDENTIAL INFORMANTS**

      All three defendants have filed motions seeking the disclosure of confidential informants ("CI"). (Docket Nos. 106 (Alcala), 104 (Alvarez), 109 (Amparo-Baez).) The government has responded, (Docket No. 111), and the defendants have replied, (Docket Nos. 115 (Alcala), 112 (Alvarez), 113 (Amparo-Baez)).

Alcala seeks the disclosure of the confidential informant(s) involved in the phone calls referred to in the discovery as calls 467, 468, 469, 470, 471, 1586, 1594, 1599, 1602, 1636, and 1637 on the basis that the informant(s) is a transactional witness and appears to be the sole witness against Alcala. (Docket No. 106.) In addition to the names, addresses and criminal records of any CI the government will call as a witness, Alcala also seeks the court to order the government to disclose what crimes, if any, was the CI suspected of at the time he agreed to assist law enforcement, and what benefit the CI may have received for his cooperation. (Docket No. 106.)

Alvarez seeks the disclosure of the CI identified in the discovery as "CW3" because CW3 is a transactional witness in that he is alleged to have conducted three controlled buys from Alvarez. (Docket No. 104.)

Amparo-Baez seeks "an order compelling the government to disclose the identity and location of all unnamed or confidential informants relied upon or otherwise employed by the government or any of its agents in the investigation and prosecution of Mr. Amparo Baez." (Docket No. 109.) The only specific CI Amparo-Baez points to is a CI identified as "CW-4" in an application for a wiretap and who states that he purchased crack cocaine from Amparo-Baez in late-2007. (Docket No. 109.) Amparo-Baez also seeks the court to order the government to disclose what crimes, if any, was the CI suspected of at the time he agreed to assist law enforcement, and what benefit the CI may have received for his cooperation. (Docket No. 109.)

The government opposes all of the defendants' requests on the basis that the defendants have failed to demonstrate that the testimony of any particular informant is material to the defense. (Docket No. 111 at 5.) As for CIs who will testify at trial, the government has agreed to disclose the identity of these CIs as well as all evidence required by Giglio v. United States, 405 U.S. 150 (1972), no later than 30 days before trial. (Docket No. 111 at 6.)

Alcala replies that the government's proposal to identify the CI 30 days before trial is arbitrary and does not provide him with sufficient time to investigate the CI. (Docket No. 115.) Alvarez likewise contends that 30 days is insufficient amount of time to and failing to disclose the CI's identity earlier would violate due process because, in part, "the defendant cannot meaningfully engage in plea negotiations unless and until it is apparent to him that he is likely to be convicted at trial." (Docket No. 112.) Amparo-Baez also seeks disclosure earlier than 30 days before trial. (Docket No. 113.)

As a general rule, the government enjoys a limited privilege of withholding the identity of an informant. United States v. Bender, 5 F.3d 267, 269 (7th Cir. 1993). This privilege encourages citizens to perform their obligation to communicate their knowledge of the commission of crimes to law enforcement officials, by preserving the informant's anonymity. United States v. Jefferson, 252 F.3d 937, 940 (7th Cir. 2001). However, the government's privilege is not absolute. It may be overcome if the defendant establishes that the disclosure of the informant's identity is either relevant and helpful to his defense or essential to a fair determination of a cause. Id. at 941; Roviaro v. United States, 353 U.S. 53, 60-61 (1957); see United States v. Valles, 41 F.3d 355, 358 (7th Cir. 1994).

Disclosure of a confidential informant's identity "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Roviaro, 353 U.S. at 62. Factors to be considered are whether the informant is a transactional witness and whether the informant's testimony is relevant and could assist the defendant. Bender, 5 F.3d at 270.

Ultimately, to determine whether the government is required to disclose the identity of an informant, the court must balance the public interest in obtaining information necessary to

3

apprehend those who have committed crimes against the defendant's interest in fair trial. Andrus, 775 F.2d at 841; Jefferson, 252 F.3d at 940-41.

There appear to be two classes of CIs at issue here. First, there are CIs who will be called to testify at trial. With respect to this class of CIs, the only question before the court is when the government should be required to disclose the identities of these CIs. Second, there are the CIs who the defendants contend are transactional witnesses but who may not be called by the government to testify. Perhaps the government intends to call all the alleged transactional witnesses to testify and thus the classes are identical. However, the government does not state this in its response, and thus it is necessary for the court to address these classes separately.

Addressing first the question of whether non-testifying transactional witnesses need to be disclosed, the government does not contend that the witnesses identified by the defendants are not transactional witnesses or otherwise challenge the defendants' representations of the informants' involvement in the crimes alleged. Further, the government does not contend that disclosure of the identities of transactional witnesses would have any adverse consequences, for example, compromise ongoing investigations or endanger the safety of these informants. Therefore, because the decision of whether or not the informant privilege must yield is ultimately a question of balancing the defendant's right to fully prepare his defense against the government's interests in safeguarding its informants and investigations, the absence of any substantive government response addressing this balancing results in the scale tipping heavily in favor of the defendants.

As transactional witnesses, the court finds that the disclosure of the identities of the confidential informants identified in the parties' motions is essential to permit the defendants to adequately prepare their respective defenses to the crimes charged. The court further concludes that the defendants are entitled to prompt disclosure of this information. Therefore, the court shall order that within 30 days of the date of this order the government provide to Alcala the identity of the

4

informant(s) involved in calls 467, 468, 469, 470, 471, 1586, 1594, 1599, 1602, 1636, and 1637; shall provide to Alvarez the identity of the CI referred to in the discovery as "CW3;" and to Amparo-Baez the identity of the CI referred to in the application for a wiretap as "CW-4."

As for other CIs who may be called to testify, the court shall order the government to disclose the identities of these CIs, as well as all Giglio material related to all testifying CIs, not later than 30 days before trial. Requiring immediate disclosure, as the defendant's seek, would likely require the government to disclose all of its CIs because at this point, it is unlikely that the government has much of an idea of which witnesses it would call to testify. The government does not know which defendants will exercise their right to a jury trial or which co-conspirators may agree to testify on behalf of the government. Thus, if immediate disclosure was required, the government would be well-advised to disclose all CIs just in case it later became necessary to call the witness.

Therefore, it is standard practice in this district for the court to order the government to disclose the identities of testifying confidential informants and related Giglio material no later than a certain fixed time in advance of trial. The length of time before trial that the government must disclose this information is determined by the court's consideration of a variety of factors, the most significant of which is the complexity of the case. The time period must be sufficient to permit the defendant to be able to adequately prepare his defense while at the same time not being so long that it requires the government to make its disclosures before it has the reasonable opportunity to assess which CIs it is likely to call to testify.

The present case is a complex drug conspiracy, involving voluminous discovery and Title III intercepts. However, based upon the pleadings in this case, the scope of the conspiracy does not appear large, at least when viewed in comparison to other cases that have recently come before this court. For example, in a complex 49 defendant, 38 count indictment that included all 49 defendants

being charged as part of a far-reaching RICO conspiracy, the court ordered the government to disclose the identities of testifying confidential informants not less than 60 days before trial. (E.D. Wis. Case No. 06-CR-240, Docket No. 912 at 36-41.)

In a substantially less complex case involving an alleged conspiracy to distribute controlled substances, the court rejected the defendants' request for disclosure of the identities of confidential informants not less than 30 days before trial and ordered the government to disclose the identities of the confidential informants by the deadline proposed by the government, not less than 21 days before trial. (E.D. Wis. Case No. 06-CR-264, Docket No. 24 at 2-3.) If 21 days is appropriate in an ordinary drug conspiracy case and 60 days is appropriate in an exceptionally complex case, then a period somewhere between these extremes is appropriate in the present case. Although somewhat complex in that this case involves more defendants and wiretaps, the court is not persuaded by the defendants that anything more than 30 days is necessary to fully investigate a CI and to prepare for trial. Accordingly, the court shall order the government to disclose the identities of any CIs the government intends to call in its case in chief and all related <u>Giglio</u> material not later than 30 days before the scheduled commencement of trial.

**MOTIONS FOR BILL OF PARTICULARS**

Alcala, (Docket No. 105), and Amparo-Baez, (Docket No. 108), both seek a bill of particulars. The government has responded, (Docket No. 111), and both have replied, (Docket Nos. 115 (Alcala), 113 (Amparo-Baez)).

Although he initially sought more information in his initial motion, in his reply Amparo-Baez has narrowed what he seeks by way of a bill of particulars and contends that a bill of particulars is necessary because the discovery and the indictment do not inform him of when he "is alleged to have agreed to join this conspiracy or what conduct he engaged in that evidences his participation in the conspiracy." (Docket No. 113 at 2.)

6

Alcala contends that a bill of particulars is necessary because the discovery provided does not point to any evidence to support the government's contention that Alcala is the person on the phone with the CI or the person another person is referring to when talking to the CI. (Docket No. 113 at 1-2.) The government contends that a bill of particulars is not necessary because the discovery sufficiently informs the defendants of the nature of the charges against them and the defendants are simply seeking the government to disclose how it intends to prove its case. (Docket No. 111 at 2-4.)

Federal Rule of Criminal Procedure 7(f) permits the court, at its discretion, to order the government to provide a defendant with a bill of particulars. A court need not order the government to provide a bill of particulars if the "indictment sufficiently apprises the defendant of the charges to enable him to prepare for trial." United States v. Canino, 949 F.2d 928, 949 (7th Cir. 1991) (citing United States v. Kendall, 665 F.2d 126, 134 (7th Cir. 1981)). "In determining whether the indictment sufficiently apprises the defendant of the charges, a court can consider the charges' complexity, the indictment's clarity, and the availability of discovery." United States v. Caputo, 288 F. Supp. 2d 923, 925 (N.D. Ill. 2003) (citing United States v. Swiatek, 632 F. Supp. 985, 988 (N.D. Ill. 1986)).

A bill of particulars is not required if the information necessary for a defendant's defense can be obtained through some other satisfactory means such as discovery or through the operation of the government's open file policy. Id.; United States v. Hernandez, 330 F.3d 964, 975 (7th Cir. 2003). However, although a defendant is entitled to know the nature of the charges against him and the government's theory of prosecution, the defendant is not entitled to know precisely how the government intends to prove its case. United States v. Agostino, 132 F.3d 1183, 1191 (7th Cir. 1997) (quoting United States v. Kendall, 665 F.2d 126, 135 (7th Cir. 1981)).

Having reviewed the defendants' requests, it is clear to the court that the defendants are largely seeking the government to disclose how it intends to prove its case. Discovery, not a bill of particulars, is the means by which a defendant is informed of what evidence the government possesses to evidence

his involvement in a conspiracy or how the government might prove that it was the defendant who was on a recorded telephone call.

However, with respect to Amparo-Baez's request that the government be required to provide a bill of particulars identifying when he is alleged to have joined the conspiracy, the court finds that in light of the broad temporal scope of the alleged conspiracy, spanning from January 1, 2005 and continuing until July 15, 2008, (Docket No. 20), the time that Amparo-Baez is alleged to have joined the conspiracy, if it was after January 1, 2005, is information essential to ensuring various constitutional rights that is not likely to be found in the discovery. Accordingly, the court shall grant Amparo-Baez's motion for a bill of particulars on this single ground. Within 30 days of this order, the government shall provide to Amparo-Baez a bill of particulars identifying the date he is alleged to have joined the conspiracy.

**MOTION FOR <u>SANTIAGO</u> HEARING**

Alcala filed a motion seeking

> a pre-trial hearing pursuant to Fed. R. Evid. 104(a), on the admissibility of statements which the prosecution will offer under Fed. R. Evid. 801(d)(2)(E). *United States v. Santiago*, 582 F.2d 1128 (7th Cir. 1978), or, in the alternative, for the entry of an Order compelling the government to submit a written order of proof regarding the coconspirator declarations which it intends to introduce under Fed. R. Evid. 801(d)(2)(E).

(Docket No. 107.) The government responds that Alcala's motion is premature because the government has not identified which, if any, co-conspirator statements it will offer at trial. (Docket No. 111 at 7-8.) In reply, Alcala "concedes that the request for a pre-trial hearing is premature, [but] [h]e requests that he be allowed to re-visit this issue before trial if an agreeable procedural option can not be facilitated." (Docket No. 115 at 2.)

Pursuant to Federal Rule of Evidence 801(d)(2)(E), "a statement by a conspirator of a party during the course and in the furtherance of the conspiracy," is not hearsay.

8
Case 2:08-cr-00190-RTR    Filed 04/24/09    Page 8 of 11    Document 118

> It is a condition for the admission of such statements, however, that the Government provide sufficient evidence to convince the court, as a preliminary matter (see Fed. R. Evid. 104(a)), that it is more likely than not that 1) a conspiracy existed, 2) the defendant and the declarant were members thereof, and 3) the proffered statement(s) were made during the course of and in furtherance of the conspiracy."

United States v. Cox, 923 F.2d 519, 526 (7th Cir. 1991) (citing United States v. Santiago, 582 F.2d 1128, 1134-35 (7th Cir. 1978).

The Seventh Circuit has approved various procedures that a trial court may employ in order to make the preliminary determination required by Santiago:

> [1] the evidence as to these elements can be submitted to the court by way of proffer before trial, and the court can admit the statement(s) subject to its later determination that, based on all of the evidence admitted at trial, the Government has proved by a preponderance of that evidence all three requisite foundational elements. . . . [2] the court can rule on each statement as it is elicited based on the evidence the Government has adduced to that point; [3] the court can, even in the absence of a pretrial proffer, conditionally admit the body of coconspirator's statements subject to the Government's eventual proof of the foundational elements (the penalty for not so proving being a possible mistrial); [4] or the court can hold a "full blown" preliminary hearing to consider all evidence concerning the statements.

Cox, 923 F.2d at 526. The Seventh Circuit discourages the use of "full blown" hearing as a means to make this determination as "inefficient and potentially duplicative." Id.

In this district, it is the well-established general practice to conditionally admit statements of alleged co-conspirators subject to the government showing that they are admissible in accordance with the Santiago considerations. See, e.g., United States v. Fisher, 2009 U.S. Dist. LEXIS 1809 (E.D. Wis. 2009); United States v. Davis, 2007 U.S. Dist. LEXIS 86742 (E.D. Wis. 2007); United States v. Martinez, 2007 U.S. Dist. LEXIS 32930 (E.D. Wis. 2007); United States v. Arberry, 2007 U.S. Dist. LEXIS 23286 (E.D. Wis. 2007); United States v. Barrera, 2006 U.S. Dist. LEXIS 80433 (E.D. Wis. 2006); United States v. Arnett, 2005 U.S. Dist. LEXIS 46360 (E.D. Wis. 2005). Accordingly, the defendant's motion shall be denied without prejudice.

**MOTION FOR DISCLOSURE OF JENCKS ACT MATERIAL**

Amparo-Baez filed a motion seeking an order requiring the government to disclose Jencks Act material 100 days before trial. (Docket No. 110.) The government responds that even though it is the well-established practice in this district for the government to disclose Jencks Act material one business day before trial is scheduled to commence, the government has agreed to disclose Jencks Act materials in this case not later than one week before trial. (Docket No. 111.) Amparo-Baez has not replied.

Amparo-Baez cites no authority to support his contention that disclosure of Jencks Act material 100 days before trial is necessary and the only explanation set forth in his motion, which consists of a only two sentences is, "The basis for this motion is that in order to facilitate an orderly trial without repeated requests for adjournment to read statements and investigate, all Jenck's [sic] Act material ought to be provided 100 days prior to trial."

The court finds that the government's offer to disclose Jencks Act materials one week before trial is more than sufficient to facilitate an orderly trial. Accordingly, Amparo-Baez's motion shall be denied.

**IT IS THEREFORE ORDERED** that the defendants' motion to compel the disclosure of confidential informants, (Docket Nos. 106 (Alcala), 104 (Alvarez), 109 (Amparo-Baez)), are granted as set forth below:

- The government shall disclose the identities of all confidential informants it may call in its case in chief and all related Giglio material not later than **30 days** before the start of trial.

- Within 30 days of the date of this order the government shall provide to:
  - Alcala the identity of the informant(s) involved in calls 467, 468, 469, 470, 471, 1586, 1594, 1599, 1602, 1636, and 1637;

- Alvarez the identity of the CI referred to in the discovery as "CW3;"
- Amparo-Baez the identity of the CI referred to in the application for a wiretap as "CW-4."

**IT IS FURTHER ORDERED** that Alcala's motion for a bill of particulars, (Docket No. 105), is **denied**.

**IT IS FURTHER ORDERED** that Amparo-Baez's motion for a bill of particulars, (Docket No. 108), is **granted in part and denied in part**. Within 30 days of this order, the government shall provide to Amparo-Baez a bill of particulars identifying the date he is alleged to have joined the conspiracy. Amparo-Baez's motion is denied on all other grounds.

**IT IS FURTHER ORDERED** that Alcala's motion for a Santiago hearing, (Docket No. 107), is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Amparo-Baez's motion for early disclosure of Jencks Act material, (Docket No. 110), is **denied**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order herein or part thereof may be filed within ten days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal.

Dated at Milwaukee, Wisconsin this 24th day of April 2009.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge